## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

CHRISTIAN NAFFZIGER,                )
4228 Falls Rd.                      )
Baltimore MD 21211                  )
                                    )
       Plaintiff,              )
                                    )   No.
    v.                          )
                                    )
ENCORE RECEIVABLE                   )   JURY TRIAL DEMANDED
MANAGEMENT, INC.,                   )
c/o Resident Agent                  )
CSC LAWYERS INCORPORATING           )
SERVICE COMPANY                     )
11 E. CHASE ST.                     )
BALTIMORE, MD  21202                )
                                    )
       Defendant.              )

## COMPLAINT FOR VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff Christian Naffziger files this complaint against Defendant Encore Receivable Management, Inc., ("Encore"), for its unfair, deceptive and illegal debt collection activities committed in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### *Parties*

1.    Plaintiff Christian Naffziger resides within this district.

2.    Plaintiff is a "consumer," as that term is defined by § 1692a(3) of the FDCPA, in that the alleged debt Encore sought to collect from him is a consumer debt, allegedly incurred for personal, family or household purposes.

3.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.  Defendant is therefore a "debt collector," as that term is defined by § 1692a(6) of the FDCPA.

1



*Jurisdiction and Venue*

4.     This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to Plaintiff's action occurred, in substantial part, in this district.

## COUNT I
*Violations of the Fair Debt Collection Practices Act*

6.     Plaintiff hereby restates, realleges and incorporates herein by reference paragraphs 1-5 as if set forth fully in this Count.

7.     On or about February 7, 2005, on a date better known by the Defendant, Encore attempted to collect an alleged consumer debt from Christian Naffziger through the use of a collection letter. *See* Exhibit A.

8.     After receiving the collection letter, on or about March 1, 2005, Christian Naffziger, through his attorney, disputed the alleged debt, demanded verification of same, and requested that all further collection activities be ceased. *See* Exhibit B.

9.     The dispute/cease and desist letter was sent via certified mail, and was received by Encore on or about March 4, 2005. *See* Exhibit C.

10.    Despite receiving the Plaintiff's letter, Encore failed to provided verification of the alleged debt and, rather than complying with the cease and desist request, continued to send collection correspondence to the Plaintiff.

11.    Despite knowing that Plaintiff was represented by an attorney with regard to the alleged debt, Encore continued to send collection correspondence directly to Christian Naffziger.

12.    Section 1692g of the FDCPA requires that a debt collector include a validation notice with, or send it within five (5) days of, the initial communication from the debt collector

2

to the consumer. This notice is intended to advise the consumer as to certain federal rights in connection with a procedure under which a consumer may dispute a debt, request verification of a debt, or obtain certain information about the creditor within 30 days of an initial communication from a debt-collector.

13.    Section 1692g(b) provides, in relevant part:

> *If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed...the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.*

14.    Encore violated § 1692g(b) of the FDCPA when it failed to provide verification of the debt to Christian Naffziger.

15.    Encore violated § 1692c(c) of the FDCPA when it continued to communicate with Christian Naffziger after receiving a "cease communication" request.

16.    Encore violated § 1692c(a)(2) of the FDCPA when it continued to communicate with Christian Naffziger after learning that he was represented by an attorney with regard to the alleged debt.

WHEREFORE, Plaintiff Christian Naffziger asks that this Court enter judgment in his favor and against Defendant Encore Receivable Management, Inc. and award damages as follows:

(A)    Statutory damages as provided under the FDCPA, 15 U.S.C. § 1692k;

(B)    Attorney's fees, litigation expenses and costs incurred in bringing this action; and

(C)    Any other relief this Court deems appropriate and just under the circumstances.

Respectfully submitted,

By: _____
Scott C. Borison, Bar No. 22576
Legg Law Firm, LLC
5500 Buckeystown Pike
Frederick, Maryland 21703
(301) 620-1016
One of Plaintiff's Attorneys

Of Counsel:

Lance A. Raphael[1]
Stacy M. Bardo
Allison A. Krumhorn
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, Illinois  60602
(312) 782-5808

---

[1]    Chicago counsel, who are licensed to practice in the U.S. District Court for the Northern District of Illinois, will move for *pro hac vice* admission as soon as practicable.

4